UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM TAYLOR, JR., | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 20-2131 |
| | ) | |
| VERMILLION COUNTY JAIL, et. al., | ) | |
|    Defendants | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff is no longer incarcerated, but Plaintiff was in the Vermillion County Jail when he filed his complaint. [1]. Plaintiff has identified five Defendants including the Vermillion County Jail, Sheriff Pat Hartshorn, Captain Osterbur, Sargent Walsworth, and Correctional Officer Vern Mayberry. It is unclear from the complaint whether Plaintiff was a pretrial detainee at the time of allegations, or whether he was serving a sentence.

Plaintiff says he has filed a previous lawsuit against a jail employee which is still pending. *See Taylor v. Schull*, Case No. 19-2305. Plaintiff claims jail staff is denying his right to receive his legal mail in this case by opening mail outside of his presence.

There are several problems with Plaintiff's complaint. First, it is not clear what mail Plaintiff is identifying as legal mail. For instance, a letter from the Clerk of the Court would not qualify. *See Antonelli v. Sheahan,* 81 F.3d 1422, 1431 (7th Cir. 1996) ("prison officials can open official mail sent by a court clerk to an inmate without infringing on any privacy right"); *Champ v. Simmon*, 2019 WL 4915969, at *3 (S.D.Ill. Oct. 4, 2019)("mail from the Clerk of the Court would not be considered legal mail").

Second, it is not clear if Plaintiff is claiming his legal mail was opened, or he did not receive legal mail, or both.

Third, Plaintiff does not provide a time frame, nor how often he had problems with his legal mail. An occasional mistake would not rise to the level of a constitutional violation. *See Ezebuiroh v. Doe 1*, 2020 WL 2418076, at *2 (S.D. Ill. May 12, 2020).

Fourth, Plaintiff has not stated how any Defendant was specifically involved in his claims. *See Potter v Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.). In order to hold an individual liable pursuant to 42 U.S.C. §1983, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016). "A defendant is

personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. See *Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008)(supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)(Supervisors are not liable for the errors of their subordinates).

Finally, the Vermillion County Jail is not a proper Defendant since it is a building and not a person capable of being sued pursuant to 42 U.S.C. §1983. *See White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018); *Laughman v. Baker*, 2020 WL 5653397, at *1 (S.D.Ind. Sept. 23, 2020).

Therefore, the Court will dismiss Plaintiff's complaint as a violation of Rule 8 of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A. Since Plaintiff is proceeding *pro se* and it is possible he may be able to clarify his claim, the Court will give Plaintiff additional time to file an amended complaint.

The amended complaint must stand complete on its own, must include all claims against all Defendants, and must not refer to any previous complaint. For any claim concerning his mail, Plaintiff should identify the type of mail involved, whether it was opened or never delivered, and approximately when and how often it occurred. Plaintiff should state how any named Defendant was involved in his claims. Finally,

Plaintiff should also clarify whether he was a pretrial detainee at the time of his allegations or whether he was serving a sentence.

IT IS THEREFORE ORDERED:

1) The Clerk of the Court is directed to dismiss Defendant Vermillion County Jail. *See White,* 710 F. App'x 260, 262.

2) Plaintiff's complaint is dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A.

3) If Plaintiff believes he can state a constitutional violation, he may file an amended complaint within 21 days of this order.  If Plaintiff fails to file his amended complaint on or before November 9, 2020 or does not follow the Court's directions, his case will be dismissed.

3) Plaintiff is reminded he must immediately notify the Court in writing of any change in his mailing address and telephone number, or his case can be dismissed.

4) The Clerk is directed to reset the internal merit review deadline within 30 days of this order.  In addition, the Clerk must provide Plaintiff with a blank complaint form to assist him with his amended complaint.

ENTERED this 19th day of October, 2020.

                                     s/James E. Shadid
                               _____
                                       JAMES E. SHADID
                             UNITED STATES DISTRICT JUDGE